<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| EUSEBIO PLACENCIA, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 15-5087 (SRC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

      This matter comes before the Court on the appeal by Plaintiff Eusebio Placencia ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

      In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning December 1, 2007. A hearing was held before ALJ Richard West (the "ALJ") on March 30, 2012, and the ALJ issued a partially favorable decision on May 10, 2012, finding Plaintiff not disabled prior to May 27, 2010 and disabled as of May 27, 2010. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal. Plaintiff appeals only the unfavorable determination, and this Opinion will address only that portion of the ALJ's decision.

In the decision of May 10, 2012, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings.  At step four, the ALJ found that, prior to May 27, 2010, Plaintiff retained the residual functional capacity to perform less than a full range of medium work.  At step four, the ALJ also found that, prior to May 27, 2010, this residual functional capacity was sufficient to allow Plaintiff to perform his past relevant work as a maintenance worker.  The ALJ concluded that, prior to May 27, 2010, Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed because the step four residual functional capacity determination is not based on substantial evidence.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine.  As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability.  In other words, when appealing

a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

The portion of the ALJ's decision dealing with the step four residual functional capacity determination prior to May 27, 2010, is brief, but makes the following points: 1) the claimant's subjective statements about symptoms are not credible to the extent that they are inconsistent with the residual functional capacity assessment; 2) before the onset of prostate cancer in May of 2010, there are "little medical records to support substantial physical limitations;" and 3) there are no medical opinions of disability prior to the onset of prostate cancer. (Tr. 23.)

Plaintiff's brief attacks the ALJ's decision, but mounts no substantial challenge to the ALJ's second and third points. Plaintiff does not point to any medical records from that period that support substantial physical limitations, nor medical opinions of disability. Plaintiff has not pointed to any objective medical evidence that, he contends, the ALJ overlooked.

The Third Circuit requires that "subjective complaints must be substantiated by medical evidence." Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). This is based on a clear statutory requirement:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability.

42 U.S.C. § 423(d)(5)(A). The ALJ made clear that, to the extent that they were inconsistent

with the residual functional capacity determination, Plaintiff's subjective complaints were not supported by medical evidence. Plaintiff has not pointed to any medical evidence that indicates that the ALJ erred in making this assessment.

Plaintiff bears the burden of showing that the ALJ's determination is not supported by substantial evidence. Plaintiff has not done so. This Court has reviewed the ALJ's decision and finds that the ALJ's decision is supported by substantial evidence.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision or that he was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

  s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: December 20, 2016